ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LIZETH ANTONIA COLÓN RODRÍGUEZ<br><br>Parte Recurrida<br><br>v.<br><br>SSCC INVESTMENT CORP.; VTC, LLC; BANCO POPULAR DE PUERTO RICO; HOMAR OBDULIO CRESPO TIZOL; MARGARET SHARKEY STUART Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Peticionaria | KLCE202500539 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2019CV03140<br><br>Sala: 406<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece ante *nos*, VTC, LLC., (VTC o peticionaria) y nos solicita que revisemos una *Sentencia Parcial* emitida el 26 de marzo de 2025 y notificada el 27 de marzo de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* que presentó la parte peticionaria.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari*.

**I.**

El 9 de septiembre de 2019, Lizeth Antonia Colón Rodríguez (recurrida) presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca. Luego de varios incidentes procesales, innecesarios pormenorizar, el 2 de octubre de 2023, la parte recurrida presentó una *Segunda Demanda Enmendada,* mediante la cual se acumuló como partes demandadas a la parte peticionaria, al Banco Popular

Número Identificador

RES2025_____

de Puerto Rico, a Homar O. Crespo Tizol y a su esposa Margaret Shanky Stuart. En síntesis, alegó que la Escritura #12 sobre Segregación y Liberación es nula por falta de consentimiento y causa. Asimismo, la recurrida esgrimió que SSCC Investment Corporation (SSCC) utilizó una causa falsa de que habría de construir un desarrollo comercial sobre la propiedad que nunca se realizó. Añadió que, según el Pagaré, SSCC se obligó a emitir un pago de $100,000.00 en o antes del 17 de mayo de 2013, un segundo pago de $100,000.00 en o antes del 17 de noviembre de 2013 y once (11) anualidades de $77,828.35, comenzando el 17 de mayo de 2014.

Así pues, afirmó que SSCC incumplió con la anualidad correspondiente a mayo 2016 en adelante y en común acuerdo con la peticionaria, representadas ambas por Homar O. Crespo Tizol, el 26 de agosto de 2016 otorgó la Escritura #3 en fraude de acreedores. Asimismo, aseveró que el 26 de agosto de 2016, Homar O. Crespo Tizol creó a la compañía VTC y ese mismo día, le cedió a VTC, mediante contrato de permuta, una acreencia en contra de SSCC por la suma de $767,889.00. Consecuentemente, solicitó la declaración de nulidad de la Escritura #12 de 17 de mayo de 2012 y la Escritura #3 de 26 de agosto de 2016, así como el pago de las sumas vencidas, liquidas y exigibles.

Así las cosas, el 1 de mayo de 2024, la parte peticionaria presentó una *Moción de Desestimación.* En esta, solicitó la desestimación de la causa de acción presentada en su contra bajo el fundamento de que deja de exponer una reclamación que justifique la concesión de un remedio. Así pues, arguyó que la causa de acción por fraude de acreedores prescribió pues el plazo de cuatro (4) años comenzó a transcurrir el 29 de agosto de 2016, fecha en que se inscribió el dominio de la parte peticionaria sobre los inmuebles objeto de este pleito porque desde ese momento se dio

publicidad a la acción. Además, esbozó que la naturaleza de la dación en pago es onerosa, pues trata de la realización por el deudor y la aceptación por el acreedor de una prestación diversa de la debida, con el efecto en pleno cumplimiento y extinción de la obligación, por lo cual, no procede la alegación de que la dación fue gratuita.

El 27 de mayo de 2024, la parte recurrida presentó una *Réplica a Moción de Desestimación Presentada por VTC, LLC*. En la misma, manifestó que la demanda no debe ser desestimada, pues la parte peticionaria es parte indispensable. Sostuvo que de declararse nula la Escritura #12, se afectarían los derechos de la parte peticionaria al ser cancelados los asientos posteriores.

Oportunamente, el 26 de marzo de 2025, notificada el 27 de marzo de 2025, el foro primario emitió una *Sentencia Parcial* mediante la cual, entre otras cosas, concluyó que las alegaciones de fraude de acreedores no pueden ser adjudicadas de forma sumaria. Por lo cual, determinó que es necesaria la celebración de un juicio en sus méritos para atenderlas. En consecuencia, declaró *No Ha Lugar* la *Moción de Desestimación* que presentó la parte peticionaria.[1]

Inconforme, el 11 de abril de 2025, la parte peticionaria presentó una *Moción de Reconsideración*. Entretanto, el 16 de abril de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Inconforme aun, el 16 de mayo de 2025, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión de los siguientes errores:

1. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN DE VTC, AUN CUANDO EN LA SEGUNDA DEMANDA ENMENDADA NO SE ADUCEN HECHOS DEMOSTRATIVOS DE UNA CAUSA DE ACCIÓN.**

---

[1] Asimismo, el TPI desestimó la causa de acción de nulidad de la Escritura Núm. 12 de 17 de mayo de 2012.

**2. ERRÓ EL HONORABLE FORO *A QUO* AL NO APLICAR EL ESTÁNDAR DE PLAUSIBILIDAD Y RESOLVER QUE LA CAUSA DE ACCIÓN DE LA PARTE DEMANDANTE RECURRIDA DEBÍA DIRIMIRSE EN UN JUICIO PLENARIO.**

**3. ERRÓ EL HONORABLE TPI AL ENTENDER QUE EXISTE UNA CAUSA DE ACCIÓN DE FRAUDE, SIMULACIÓN O ACCIÓN PAULIANA, AUN CUANDO NO EXISTEN HECHOS DEMOSTRATIVOS A TALES EFECTOS.**

El 21 de mayo de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. En cumplimiento con nuestro dictamen, el 12 de junio de 2025, la parte recurrida presentó un *Escrito Mostrando Causa en Oposición a la Expedición del Auto de Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari*

solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649 (2000); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, la parte peticionaria plantea que erró el TPI al denegar su *Moción de Desestimación,* aun cuando en la *Segunda Demanda Enmendada* no se aducen hechos demostrativos de una causa de acción. Indicó, además, que erró el foro primario al no aplicar el estándar de plausibilidad y resolver que la causa de acción de la parte recurrida debía dirimirse en un juicio plenario. Por último, coligió que erró el TPI al entender que existe una causa de acción de fraude, simulación o acción pauliana, aun cuando no existen hechos demostrativos a tales efectos.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar puntillosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, específicamente de la *Sentencia Parcial* recurrida, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al

amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones